UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BUCHLER,

       Plaintiff,                        Case No.:  04-CV-72488-DT

                                       HON. ARTHUR J. TARNOW
vs.                                          MAG. JUDGE WALLACE CAPEL, JR.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

It is recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and enter judgment for the Defendant Commissioner.

**II.    REPORT**

This is an action for judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for Supplemental Security Income. Plaintiff filed for benefits on September 18, 2001, alleging that he has been disabled since March 15, 2000, due to degenerative arthritis and a bulging disc in his neck, and a torn trapezious muscle. (TR 46-49, 62). The Social Security Administration [SSA] denied benefits initially, and Plaintiff requested a hearing by an Administrative Law Judge [ALJ]. (TR 31-36). A de novo hearing was held on May 2, 2003, before ALJ Earl Witten. (TR 165-196). In a decision dated June 27, 2003, the ALJ found that although Plaintiff was unable to perform his past relevant work, he retained the residual functional capacity

1

[RFC] to perform a limited range of sedentary work, and was therefore, not disabled as defined by the social security act. (TR 21-22). The complete findings of the ALJ are as follows:

> 1. The claimant has not engaged in disqualifying substantial gainful activity since the application date.
>
> 2. The medical evidence establishes that the claimant has the following medically determinable impairments: degenerative disc disease (cervical), headaches, and mild right carpal tunnel syndrome. The claimant's impairments significantly limit the ability to perform basic work activities and therefore, are "severe."
>
> 3. The claimant's impairments neither meet nor equal the requirements for any impairment listed in Appendix 1 to Subpart P, Regulations No. 4.
>
> 4. The claimant's allegations of disabling symptoms and limitations are not considered fully credible for the reasons set forth in the body of this decision.
>
> 5. The claimant has the following limitations: he cannot lift or carry more than ten pounds occasionally or more than five pounds frequently; he cannot perform jobs requiring prolonged or repetitive neck movements; he cannot perform jobs requiring prolonged griping or grasping with the right hand; he must be able to alternate between sitting and standing; he cannot perform repetitive bending, twisting or turning; he cannot crawl, squat, kneel or crawl; he cannot use vibratory tools; and he is limited to simple routine work tasks (20 CFR 416.945).
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant has the residual functional capacity to perform a limited range of sedentary work (20 CFR 416.967).
>
> 8. The claimant is 38 years old, which is defined as a younger individual (20 CFR 416.963).
>
> 9. The claimant has a general education diploma education (20 CFR 416.964).
>
> 10. The claimant has not acquired any skills from past relevant work, which are transferable to other skilled or semi-skilled jobs consistent with the residual functional capacity noted above.
>
> 11. In view of the claimant's vocational characteristics and residual functional capacity, Medical-Vocational Rule 201.27 does not apply directly. However, within the framework of that rule, and in conjunction with the testimony of the vocational

expert, there are jobs existing in significant numbers which the claimant could perform (see body of decision).

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 416.920(f)).

The Appeals Council declined to review the ALJ's decision on May 14, 2004, so Plaintiff commenced this action for judicial review. (TR 4-6).

### A. PLAINTIFF'S TESTIMONY

Plaintiff testified that he was born on January 20, 1965. (TR 168). He has a GED and a high school diploma. (TR 169). Plaintiff described his main ailments as migraines, blackouts, spasms that cause him "to go limp-like" in his arms or legs, neck problems, circulation problems, carpal tunnel syndrome, and problems with his right knee going out. (TR 170-74). Plaintiff testified that he is usually able to care for his own personal needs such as bathing and dressing, although occasionally he can not get his shirt on because he can not lift his arms high enough. (TR 174).

Plaintiff testified that he does not engage in any hobbies or social activities to get him out of the house, other than an occasional trip to the park. (TR 174-75). The majority of his time is spent at home. (TR 177). Plaintiff stated that he lives in a two-story house, but spends the majority of his time on the first floor because he has problems with the stairs. Id. He said he has to be careful "because if it [knee] isn't already hurting, it [stairs] will aggravate it." Id.

Plaintiff was asked about his limitations by the ALJ. Plaintiff stated that he can sit anywhere from a half-hour to an hour without any problems if he has neck or head support, although he has to get up and move around a little if his legs start getting fatigued. (TR 178). In regards to standing, he said, "it's just a hit and miss thing for the days." Id. On some days he can stand for an hour, hour and a half, and on others it starts to hurt. Id. He stated that it depends on whether his knee is really

3

hurting. Id. Plaintiff testified that on bad days when his back is hurting he will lie down five to six hours straight, but not at all on good days. (TR 179).

In regards to lifting, Plaintiff stated that he can lift 20, 30 pounds, but it would cause problems. (TR 179). He opined that he can lift two or three pounds without problems. He also stated that he has problems with bending or squatting. (TR 180). He stated that he has problems holding things with his hands when it comes to working on "stuff, cars, tinker[ing] with motors, models, making bone work, [ ] necklaces and such." He has problems leaning his head down trying to do these things. (TR 180-81). Plaintiff testified that he drove some, but limits his driving because of concern about blackouts. (TR 181).

### B. **MEDICAL EVIDENCE**

Examinations of the parties' cross-motions for summary judgment reveal that an additional recitation of the Plaintiff's medical evidence would be repetitive. The pertinent record medical evidence relied upon by this Court is fully articulated in the Analysis.[1]

### C. **VOCATIONAL EXPERT'S TESTIMONY**

A Vocational Expert [VE], Sandra K. Steele, testified at the hearing. (TR 187-94). She classified Plaintiff's past relevant work over the last 15 years as unskilled. (TR 189). She identified his work in janitorial or cleaning at the medium exertional level; as a service station attendant or cashier as light exertional, unskilled; and his miscellaneous industrial experience at the light and unskilled level. Id.

The ALJ asked the VE whether Plaintiff could do any of his past relevant work with the following restrictions: that he had the maximum work capacity to perform work which would allow

---

[1] See Subpart E, supra.

him to lift ten pounds occasionally with five pounds on a regular basis; could stand and/or walk six hours out of an eight hour day; and, could sit at least six hours out of an eight hour day. In order to perform that work, could do no repetitive bending, twisting or turning. No crawling, squatting, kneeling or climbing. No use of vibrating tools. No work at unprotected heights or around unprotected moving machinery. Jobs limited to simple, routine, one, two-step process jobs. (TR 189-90). She replied, "no." (TR 190).

The VE was then asked whether there were any jobs that an individual with Plaintiff's age, education, past work background, and these restrictions that he could perform. Id. The VE replied that in the lower peninsula of the State of Michigan there would be work at the sedentary exertional level. Id. She gave examples of 12,000 bench assembler; 16,000 cashier; 4,000 sorter; and 6,000 packager positions. Id. When the ALJ added a sit/stand option, the VE reduced the number of assemblers to 3,200; cashiers 7,500; machine operators 1,000; and sorter/packers to about 3,000. Id.

The VE was then asked to assume an additional restriction of only occasional gripping and grasping with the right hand. Id. She opined that the restriction would eliminate all but the 7,500 cashier positions. (TR 191). When an additional restriction was added of no prolonged and only occasional rotation flexion hyperextension of the neck, the VE replied that it would not cause a problem with the sorter/packager and cashier positions, but would with the machine operator and assembly positions. Id. The VE opined that an additional restriction of no repetitive forceful gripping or grasping with the right hand would have no impact. Id.

The VE was then asked to look at Exhibit 9F, page 3, and to opine whether an individual with the restrictions listed, assuming the restrictions reflected the evidence of the record, would be

able to perform the jobs cited, to which she replied, "no." (TR 192). When asked whether Plaintiff could perform the jobs listed if his testimony with respect to pain and discomfort and his symptoms were assumed to be fairly credible, the VE replied, "no." (TR 193).

### D.     ALJ'S CONCLUSIONS

After reviewing the testimony presented at the hearing and the medical evidence in the record, the ALJ found that although Plaintiff suffers from degenerative disc disease (cervical), headaches, and mild right carpal tunnel syndrome, his impairments neither meet nor equal the requirements for any impairment listed in Appendix 1, Subpart P, Regulations No. 4. (TR 21). The ALJ found that the Plaintiff's allegations of disabling symptoms and limitations was not fully credible. Id. He determined that Plaintiff retained the RFC to perform a limited range of sedentary work. As such, the ALJ concluded that Plaintiff was not under a disability as defined by the SSA. (TR 21-22).

### E.     ANALYSIS

Plaintiff's Motion argues that the ALJ's analysis contains an error that precludes this Court from finding that his decision is supported by substantial record evidence. Plaintiff claims that the ALJ erred by denying disability in this case based upon the ability of Plaintiff to perform jobs such

as bench assembler, machine operator, and sorter/packager.[2] Defendant argues that the ALJ's mistaken identification of jobs that the Plaintiff could perform was harmless error.[3]

### 1. **Standard of Review**

This Court's review of the ALJ's conclusions is limited. The findings of the ALJ regarding Plaintiff's disabled status are conclusive if supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g) (1997). Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Walters v. Comm'r of Soc. Sec., 127 F.3d 525 528 (6th Cir. 1997). It is more than a scintilla of evidence, but less than a preponderance of evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989)(citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229; 50 S.Ct. 206 (1938). This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). Even if the court might arrive at a different conclusion, an administrative decision must be affirmed if it is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)(citing Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984). An administrative agency generally has considerable discretion in carrying out mandates of statutes it is entrusted to administer, and the Court

---

[2]Plaintiff's Motion for Summary Judgment and Brief filed November 18, 2004 (hereinafter "Plaintiff's Brief"), at pages 7-10. Plaintiff's Brief alludes to the fact that the hypothetical question to the Vocational Expert [VE] failed to accurately describe the Plaintiff's limitations. However, Plaintiff fails to offer any argument or law to establish how the ALJ allegedly erred. Issues which are "adverted to in a prefunctatory manner, unaccompanied by some effort at developed arugmentation are deemed waived." United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996).

[3]Defendant's Motion for Summary Judgment and Brief filed January 10, 2005, at pages 10-11.

of Appeals must defer to the agency's decision so long as it is not arbitrary, capricious, an abuse of discretion, or otherwise not supported by law. State of Minnesota v. Apfel, 151 F.3d 742 (8th Cir. 1998). Applying this standard, I will analyze Plaintiff's claim.

Plaintiff argues that the ALJ erred by denying benefits to him based upon his ability to perform bench assembler, machine operator, and sorter/packager jobs. The VE opined that when the additional restriction of only occasional gripping and grasping with the right hand was added to the limitations described by the ALJ, all but 7,500 cashier positions would be eliminated. (TR 191).

Nevertheless, this Court finds that any error regarding the type of jobs Plaintiff could perform would be harmless and does not require further review. Based upon the testimony of the VE, there exists at least 7,500 positions in the regional economy of which Plaintiff is capable of performing. Id. "Even if a claimant cannot perform her past employment, she is not disabled if there is work in the national economy that she can perform." Goeman v. Sec'y of Health and Human Servs., 41 F.3d 1506, 1994 WL 532917 (6th Cir. 1994)(unpublished decision, Table)(citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980)). Further, 7,500 is a significant number of jobs under Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988)(finding that between 1,350 and 1,800 jobs in the region was sufficient, although there is no "special number").

## III.    CONCLUSION

For the reasons stated above, the undersigned finds that the ALJ's decision denying Plaintiff's benefits is substantially supported by the record. Accordingly, I respectfully recommend that the Court **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** Defendant's Motion for Summary Judgment, and enter judgment for Defendant Commissioner.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations.  Further, either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.


  s/  Wallace Capel, Jr.
**WALLACE CAPEL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**Date:**   **July 13, 2005**

**CERTIFICATION OF SERVICE**

**UNITED STATES OF AMERICA** )
                                    ) ss   Case No.: 04-CV-72488-DT

**EASTERN DISTRICT OF MICHIGAN** )

        I, the undersigned, hereby certify that I have on the 13th day of July 2005, mailed a copy of the "Report and Recommendation," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following:

| | |
|---|---|
| Honorable Arthur J. Tarnow | James A. Brunson |
| United States District Judge | Assistant United States Attorney |
| 231 W. Lafayette, Room 124 | 101 First Street, Suite 200 |
| Detroit, Michigan 48226 | Bay City, Michigan 48708 |
| | |
| Mikel E. Lupisella | Social Security Administration |
| 1121 N. Michigan Avenue | Office of the Regional Counsel |
| Saginaw, Michigan 48602 | 200 W. Adams Street, 30th Floor |
| | Chicago, Illinois 60606 |

                                  s/ Marsha Heinonen
                                  Marsha Heinonen
                                  Deputy Clerk